## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ASHLAND AVENUE INVESTMENTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 C 07745 |
| MARQUETTE NATIONAL BANK, AS TRUSTEE UNDER A TRUST AGREEMENT DATED DECEMBER 2, 1998, AND KNOWN AS TRUST NUMBER 14662, MAY TOY, GEE TOY, and SAU KUEN LU TOY, | ) ) ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

## ORDER

For the reasons stated below, May Toy's motion to reconsider [75] is denied. Ashland's motion for appointment of a receiver [64] and motion to appoint a special commissioner [66] are granted, and the motion for attorney's fees [67] is denied without prejudice. Ashland is directed to file, with notice to the defendants, a reply to Toy's objections to the proposed judgement order on or before June 15, 2016.

## STATEMENT

The plaintiff, Ashland Avenue Investments, LLC ("Ashland"), brought this action to foreclose on a mortgage and for a judgment on a note and guarantee. Compl., ECF No. 1. Defendant Marquette National Bank ("Marquette"), as trustee for an Illinois land trust, is the mortgagor and borrower on the note; defendant May Toy ("Toy") is the beneficiary of the trust, and Gee Toy ("Gee") and Sau Kuen Lu Toy ("Sau") are contingent beneficiaries of the trust. There is also a guarantee on the note bearing the signature of May Toy. *See* Compl. Ex. D, ECF No. 1-4. This Court granted summary judgment for Ashland on the mortgage foreclosure count as to all defendants and granted summary judgment on the breach of guarantee count against May Toy. *See* Order, ECF No. 62.

Ashland now moves for the appointment of a receiver, ECF No. 64, the appointment of a special commissioner, ECF No. 66, and for attorney's fees and costs, ECF No. 67. Toy objects to the appointment of a receiver and has filed a motion to reconsider. *See* ECF Nos. 71, 75.

### I.     Motion to Reconsider

Toy filed a motion entitled, "Motion for New Trial: Reconsider/Vacate Order of April 29, 2016," which this Court construes as a motion to reconsider the grant of summary judgment

against Toy on the mortgage foreclosure and breach of guarantee counts. Mot. Recons., ECF No. 75. Because this Court has not entered final judgment on the claims for which summary judgment was granted, this motion to reconsider is governed by Rule 54(b). *See Duberville v. WMG, Inc.*, No. 13 C 02061, 2015 WL 10853984, at *1 (N.D. Ill. Feb. 11, 2015); *see also* Fed. R. Civ. P. 54(b) (permitting a court to reconsider a ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). A motion for reconsideration is only proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Toy's motion to reconsider presents evidence that she did not present in her response to Ashland's motion for summary judgment, including credit card receipts purporting to show that she was in Iowa on the day the guarantee was signed in Illinois and print-outs from a signature verification software purporting to show that her signature on the guarantee is a forgery. *See* Mot. Recons. 1-3 and Exs. B, G, H. Toy has not established that this is newly discovered evidence that she could not have obtained through the exercise of due diligence and presented to the Court on the motion for summary judgment. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) ("[I]n order to prevail on its motion to reconsider, [plaintiff] must first establish that it could not, through the exercise of due diligence, have presented the 'newly discovered evidence' to the district court before the decision on summary judgment was granted.").[1]

Nor do Toy's remaining arguments articulate any manifest error of apprehension or misunderstanding by the Court; she merely reiterates arguments raised in her response to Ashland's motion for summary judgment. Mot. Recons. 3-9 (citing Toy's participation in the state foreclosure proceeding, the doctrine of prevention, uncertainty of the payoff amount, and Toy's inability to represent the other defendants' interests); *compare* Resp. Mot. Summ. J. 7-10, ECF No. 54. Toy "may not relitigate a motion [she] already had a chance to contest, and lost." *Rothwell*, 827 F.2d at 252. Therefore, the motion to reconsider is denied.

## II.    Appointment of Receiver

Illinois law entitles a mortgagee to take possession of non-residential real estate after the entry of a judgment of foreclosure (or prior to the entry of judgment if there is a reasonable probability that the mortgagee will prevail on a final hearing on the merits) if the mortgagee is authorized to do so under the terms of the mortgage, unless the mortgagor objects and shows good cause. 735 Ill. Comp. Stat. 5/15-1701(b)-(c). Toy objects to the appointment of a receiver, arguing that Ashland is not entitled to summary judgment, that appointment of a receiver will

---

[1] The Court notes that Toy has already had two bites at the apple—the Court granted Toy's motion to vacate the order granting Ashland's original motion summary judgment, to which Toy had failed to respond. *See* Min. Order, ECF No. 47.

affect the safety and well-being of her family, and that it is not necessary to protect Ashland's interest in the property. *See* Resp. Mot. Appt. Rec., ECF No. 71.

Ashland argues that Toy does not have standing to object to its request to take possession and appoint a receiver because she is not the mortgagor. *See* Reply Mot. Appt. Rec. 1-4, ECF No. 69. It is true that Toy is not the mortgagor: "Where a mortgage is executed by a trustee of a land trust, the mortgagor is the trustee and not the beneficiary or beneficiaries." 735 Ill. Comp. Stat. 5/15-1209. As such, Toy does not have the ability to assert good cause for the trustee— Marquette—to retain possession. Because the appointment of a receiver will affect Toy's "rights and liabilities with respect to management and control, use, or possession of the Property," however, "Toy has standing to object to whether [Ashland] met the statutory requirements for appointment of a receiver, even if she does not have the ability to assert good cause." *Wells Fargo Bank, N.A. v. Toy*, 2011 WL 10099277, at *4 (Ill. App. Ct. 2011) (Toy's state foreclosure case addressing same issue).

Nonetheless, Toy's objections are futile because Ashland meets the requirements for appointment of a receiver: the mortgage permits the mortgagee to take possession in the event of default, *see* Compl. Ex. B ¶ 21, ECF No. 1-2; this Court already adjudicated the merits of the mortgage foreclosure count and granted summary judgment for Ashland; and Ashland has requested to take possession. Accordingly, Ashland's motion for appointment of a receiver is granted.

The parties contest for which units Ashland is entitled to appoint a receiver. Illinois law exempts residential real estate from receivership. *See* 735 Ill. Comp. Stat. 5/15-1701(b)(1). "Residential real estate," in the context of a land trust, is defined as the principal residence of "a beneficiary of that trust or estate or [of] such beneficiary's spouse or descendants." 735 Ill. Comp. Stat. 5/15-1219. In the property at issue here, Toy occupies one unit as her principal residence and is using one unit for storage. *See* Resp. Mot. Appt. Rec. 1-2. Ashland does not contest that the unit Toy resides in is exempt from receivership; the storage unit, however, is not exempt. Nor is the unit occupied by Gee Toy; although Toy submitted an affidavit attesting that Gee Toy's primary residence is unit #2 of the Property, Toy does not have standing to assert any objection or claim on behalf of Gee Toy. In any event, Toy has not established that Gee is "a beneficiary of that trust" or is Toy's "spouse or descendant[ ]." 735 Ill. Comp. Stat. 5/15-1219. A land trust beneficiary has "(i) the exclusive power to direct or control the trustee in dealing with the title to the trust property, (ii) the exclusive control of the management, operation, renting and selling of the trust property and (iii) the exclusive right to the earnings, avails and proceeds of the trust property." 735 Ill. Comp. Stat. 5/15-1205. Although Ashland named Gee Toy and Sau Kuen Lu Toy as defendants in this action because they are contingent beneficiaries, *see* Compl. ¶ 23(L), Toy has failed to establish that Gee meets the statutory definition for the residential real estate exemption. Thus, only the unit May Toy is occupying as her principal residence is exempt from receivership.

The Court will enter a separate order appointing the receiver.

**III.  Appointment of a Special Commissioner and Motion for Attorney's Fees**

Ashland moves pursuant to Section 1507 of the Illinois Mortgage Foreclosure Law and 28 U.S.C. § 2001(a) to appoint a Special Commissioner to conduct the public foreclosure sale. *See* Mot. Spec. Comm., ECF No. 66. Toy does not contest this motion, and it is granted.

Ashland also moves for attorney's fees and costs, which are permitted under the mortgage, note and guarantee underlying this case. *See* Mot. Att'y Fees, ECF No. 67. Ashland requests $8,710 in attorney's fees and $927 in costs. *Id.* Toy objects to the amount of attorney's fees, asserting that $4,000-$5,000 is a reasonable amount. *See* Obj. Prop. J. ¶ 6, ECF No. 76. Because Ashland has not submitted a breakdown of the hours worked or the hourly rate (and evidence of the reasonableness of that rate), the Court is unable to determine whether the request for attorney's fees is reasonable. The motion for attorney's fees is, therefore, denied without prejudice.

Dated: June 8, 2016

John J. Tharp, Jr.
United States District Judge

4