**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**ASHLAND AVE INVESTMENTS LLC,**

**Plaintiff,**

**vs.**                                                                                    **Case No. 14 cv 07745**

**MARQUETTE NATIONAL BANK, AS TRUSTEE
UNDER A TRUST AGREEMENT DATED
DECEMBER 2, 1998 AND KNOWN AS TRUST
NUMBER 14662, MAY TOY, GEE TOY, SAU KUEN
LU TOY,**

 **Defendants.**

### ORDER APPOINTING RECEIVER

THIS CAUSE was heard on plaintiff's motion pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq*., seeking an order appointing a receiver for the non-residential property located at 315 S. Ashland Ave., Chicago, Illinois 60607 (the "Property"). The Property is the subject of plaintiff's complaint in mortgage foreclosure (the "Complaint"). The Court has jurisdiction over the parties and subject matter and is fully advised in the premises.  As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

**THE COURT FINDS:**

1.    The plaintiff filed its Complaint seeking to foreclose a mortgage which alleges that the defendant-mortgagor defaulted on its obligations. A copy of the mortgage is attached to the Complaint, is dated December 15, 1998, was executed by defendant-mortgagor, and was recorded as document number 08189056 with the Cook County Recorder of Deeds against the Property (the "Mortgage"). The Mortgage secures a promissory note, a copy of which is attached to the Complaint, signed by defendant/mortgagor, dated December 15, 1998 and in the original principal amount of $773,000.00 (the "Note").

2.     The Property consists of a multi-family property, and is owned by the defendant-mortgagor for commercial/investment purposes and is not for use as defendant/mortgagor's personal residence (except for the unit presently occupied by defendant May Toy ("Toy") as her

1

principal residence (the "Toy residence").

      3.    The Complaint alleges that an "Event of Default," as defined in the Mortgage and Note, has occurred due to the defendant-mortgagor's failure to pay monthly payments due under the Note.

      4.    Paragraph 19 of the Mortgage provides that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the Property.

      5.    The Property does not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219), except with respect to the Toy residence.

      6.    The court finds that due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d).

Based on the allegations of the Complaint, the terms and provisions of the Mortgage and Note, the Summary Judgment Order dated April 29, 2016 and the motion to appoint a receiver, there is a reasonable probability that plaintiff will prevail on a final hearing in this matter. The defendant has not shown good cause why the receiver should not be appointed.

**IT IS HEREBY ORDERED, with respect to the Property (other than the Toy residence):**

1.    The receiver, Bruce Heller, based on the information provided to the court, is deemed to be qualified to act as receiver and to manage the Property (as would a reasonably prudent person).

2.    Plaintiff's motion for an order appointing a receiver for the Property is granted and the above-named receiver is hereby appointed. This order will not become effective until the court has approved the receiver's bond as set forth below.

3.    The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq*.).

4.    The receiver is authorized to collect all rents relating to the Property, and the tenants of the Property are directed to pay rent to the receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the Mortgage in accordance with 735 ILCS 5/15-1704(d). Within 21 days, the receiver shall provide notice to Toy and to any and all occupants of the Property as required by 735 ILCS 5/15-1704(f).

5.    Upon allocation of the receipts received by the receiver from the operation of the

2

mortgaged real estate in accordance with 735 ILCS 5/15-1704(c) and (d), to the extent that the receiver holds reserve receipts in an amount in excess of those receipts reasonably required to comply with the requirements of subsections (c) and (d) of Section 15-1704, the receiver is authorized, in his discretion, to disburse those excess receipts to the Plaintiff, which funds shall be applied to offset the amounts due and owing under the Note and Mortgage, in the manner set forth in the Note and Mortgage.

6.  Within five business days after the receiver's bond is approved, the defendant-mortgagor and/or Toy shall turn over to the receiver, documents in format which relate in **any way** to the following:

    (a)  Income collected for the Property after the effective date of this order;

    (b)  Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the Property;

    (c)  All documents such as insurance policies, real estate taxes, notices and/or bills which concern the Property in any way;

    (d)  Documents relating to the Property's condition, operation and maintenance or relating to any persons employed to maintain, secure or repair the Property;

    (e)  A list by case name and number of all current litigation or regulatory proceedings which involve the Property including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

    (f)  All keys needed to operate, repair and/or maintain the Property; and

    (g)  A list of all tenants and their payment history for the last two years.

7.  Defendant-mortgagor and/or Toy shall promptly and fully cooperate with receiver in connection with the receiver's performance of his/her duties and are prohibited from interfering with the powers or duties of receiver. Defendants are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

8.  The receiver shall file periodic written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report,

3

and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

9.  Each report shall include, at a minimum: a description of the Property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the Property of which the receiver is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the Property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the Property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

10. The receiver may not employ attorneys except with explicit court approval.

11. The receiver or a knowledgeable representative thereof must appear in court when his/her report is presented.

12. With the consent of the plaintiff, the receiver may authorize necessary improvements to the Property not to exceed the cost of $5,000. The receiver has the power to procure or maintain appropriate utility services for the Property and to procure or maintain appropriate insurance coverage for the Property.

13. This order is not effective until the court has approved the receiver's bond in the amount of $10,000, which must be issued by a court-approved surety company and signed by a court-approved attorney-in-fact for the surety company. Plaintiff or the receiver shall deliver the bond along with this order to chambers for approval.

14. Plaintiff shall immediately forward a copy of this order to the defendant-mortgagor and Toy or any attorney who has filed an appearance on their behalf and file proof of service thereof with the court.

ENTER:

Dated: June 8, 2016

John J. Tharp, Jr.
United States District Judge

4