**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ASHLAND AVENUE INVESTMENTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 C 07745 |
| MARQUETTE NATIONAL BANK, AS TRUSTEE UNDER A TRUST AGREEMENT DATED DECEMBER 2, 1998, AND KNOWN AS TRUST NUMBER 14662, MAY TOY, GEE TOY, and SAU KUEN LU TOY, | ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) ) | |

## ORDER

For the reasons stated below, defendant May Toy's emergency motion to vacate or stay the foreclosure sale [121] and her emergency motion to set aside this Court's summary judgment order and judgment [122] are denied.

## STATEMENT

The plaintiff, Ashland Avenue Investments, LLC ("Ashland"), brought this action to foreclose on a mortgage and for a judgment on a note and guarantee. Compl., ECF No. 1. Defendant Marquette National Bank ("Marquette"), as  trustee for an Illinois land trust, is the mortgagor and borrower on the note; defendant May Toy ("Toy") is the beneficiary of the trust, and Gee Toy ("Gee") and Sau Kuen Lu Toy ("Sau") are contingent beneficiaries of the trust. There is also a guarantee on the note bearing the signature of May Toy. *See* Compl. Ex. D, ECF No. 1-4. This Court granted summary judgment for Ashland on the mortgage foreclosure count as to all defendants and on the breach of guarantee count against May Toy, and subsequently appointed Bruce Heller as Receiver. *See* Summ. J. Order, ECF No. 62; Order Appointing Receiver, ECF No. 81.

Toy has now filed what she has termed "emergency" motions to vacate or stay the upcoming foreclosure sale of the property at issue and to set aside this Court's April 29, 2016 order granting summary judgment to Ashland, *see* ECF No. 62, as well as its July 29, 2016 judgment order and judgment of foreclosure, *see* ECF Nos. 93, 94. In her motions, Toy reiterates a number of arguments she has previously raised before this Court. She alleges that the lender in this case improperly exercised its call option on the note after changing the note's terms without Toy's consent, and also asserts Ashland failed to send her notices as required by the Illinois

Homeowner Protection Act. *See* Def.'s Mot. to Set Aside J., ECF No. 122, at 1, 6. Toy also asserts that Ashland has improperly withheld insurance funds for repairs at the subject property, causing it to lose value. Def.'s Mot. to Vacate or Stay the Foreclosure Sale, ECF No. 121. In her motion to set aside this Court's orders and judgment, Toy references Federal Rule of Civil Procedure 60(b), which enables a court to relieve a party from a final judgment for reasons including mistake, excusable neglect, certain newly discovered evidence, or fraud, among other reasons. *See* Fed. R. Civ. Pro. 60(b); *see also* Def.'s Mot. to Set Aside J. at 6. In addition, Toy is now raising arguments regarding discovery, accusing Ashland of failing to provide her with initial disclosures in violation of Federal Rule of Civil Procedure 26 and despite a request for that discovery that Toy asserts she made to the plaintiff in January 2015. *Id.* at 2-3. Toy now argues that she "never had an opportunity for discovery before the motion for summary judgment." *Id.* at 3.

To begin, Toy's motions do not present an "emergency." Toy stated at the hearing on these motions that the foreclosure sale is scheduled to take place on Monday, October 31, 2016, but in fact the foreclosure sale has not yet been scheduled due to, among other reasons, the need to effect various repairs to the property and to pursue eviction proceedings as to Toy's sister, Gee Toy. (Toy's error in this regard may reflect a misunderstanding of a prior statement by the Court that the sale would not take place for at least three months after the entry of the judgment of foreclosure to mean that the sale would take place three months later). Moreover, none of the arguments that Toy advances are based on any new development in the case; they are all predicated on claims of error in the course of the proceeding that could have been (and, as discussed further below, largely have been) addressed in prior proceedings. Thus, Toy's motions do not provide a basis to proceed on an emergency basis, and the Court notes that Ashland's counsel notified the Court by email on the morning of the hearing advising that counsel was unable to attend the hearing in person, having only received notice from Toy by fax at about 10:00 p.m. the night before.[1]

In any event, the Court has already considered and rejected most of the arguments Ms. Toy asserts in her present motions. In granting summary judgment to Ashland, this Court found that Marquette, as Trustee of a trust of which Toy and the other individual defendants are beneficiaries, failed to pay the amounts due under the note upon exercise of the call option and that Ashland was therefore entitled to a judgment of foreclosure on the mortgage. Summ. J. Order at 4. The Court rejected Toy's notice arguments under the Illinois Homeowner Protection

---

[1] The Court notes as well that there is reason to question Ms. Toy's account of how and when she served Ashland's counsel with notice of the so-called emergency motions. Ms. Toy represented in open court that she had personally delivered a copy of the motions to Ashland's counsel at about 4:00 p.m. on the day prior (October 27). She also maintained that she faxed notice of the so-called emergency motions to Ashland's counsel at around 7:00 p.m. that evening, without explaining why it was necessary to fax copies of motions she had already personally delivered. In any event, in notifying the Court that they were unable to attend the hearing in person, Ashland's counsel provided a copy of the fax received from Toy and the Court has placed a copy of that fax on the docket in this case. *See* ECF No. 125-1. It reflects that Ashland received the faxed notice from Ms. Toy at 9:56 p.m., rather than 7:00 p.m., as Ms. Toy represented to the Court.

Act, and also concluded that Toy failed to overcome the presumption that her signature on the guarantee was valid. *Id.* Furthermore, this Court has already entertained a request by Toy to reconsider that ruling, and for the reasons set out in a written order, denied her motion to that effect. *See* Recons. Order at 1-2. Finally, this Court previously addressed Toy's arguments regarding the Receiver's handling of insurance claims and repairs at the property when it overruled her objections to the Receiver's Second Report. *See* Order Overruling Objections, ECF No. 119. Toy's invocation of Rule 60(b) is also misplaced; as the Seventh Circuit has observed, that rule "is limited to a few extraordinary post-judgment developments." *Mejia v. Harrington*, 541 F. App'x 709, 710 (7th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 536-38 (2005)). No such extraordinary developments have occurred in this case, and Toy may not now re-litigate issues in this Court on grounds that she disagrees with the Court's conclusions.

Toy's discovery-related arguments also fail. Though Toy now asserts at this late stage—after this Court has entered judgment and Toy has filed an appeal, *see* Notice of Appeal, ECF No. 100—that she "never had an opportunity for discovery," she never filed a motion stating that she needed discovery in order to respond to Ashland's summary judgment motion. Nor did Toy argue in her opposition to the summary judgment motion that discovery was "not complete and pending," as she claims she did in this current motion, *see* Def.'s Mot. to Set Aside J. at 3. Indeed, she did not indicate anywhere in her summary judgment opposition filings that she was unable to respond to or rebut Ashland's arguments or allegations because she had not been provided with discovery. *See* ECF Nos. 53, 54, 55. In addition, though she claims generally to need discovery from the plaintiff, Toy has failed to identify any specific discovery materials she needs. Finally, Toy's assertions that the plaintiff has committed misconduct in the discovery process lack support.

This Court has given Ms. Toy every consideration in litigating this case. After Ms. Toy improbably claimed that she had received no notices of the plaintiff's original summary judgment motion or related docketing entries by the Court, the Court vacated the original summary judgment ruling and allowed Ms. Toy to respond to the motion—which she then again failed to do in a timely manner, but the Court nevertheless considered her submission. Since that time, the Court has addressed Toy's motion to reconsider that ruling, as well as her objections to the plaintiff's calculation of the amount of the judgment, and issued rulings that materially reduced the amount of the judgment against Toy. The Court has also considered Toy's numerous objections to both the First and Second Reports of the Receiver, *see* ECF Nos. 91, 119, ruling in her favor as to the dispute over the assignment of parking spaces. In light of Toy's unrelenting objections, and modest successes, her complaints that her arguments have been ignored and that she has been treated unjustly are without merit. For the reasons the Court has now reiterated on several occasions, Ashland is entitled to foreclose on the property Toy occupies, and neither her latest motions nor the arguments she offered at the "emergency" hearing on those motions provides a basis to delay that foreclosure any further. Accordingly, rather than insist that Toy re-notice the motions on a non-emergency basis, the Court will simply deny them.

\*　　\*　　\*

For the foregoing reasons, Toy's motion to vacate or stay the foreclosure sale [121] and her motion to set aside this Court's judgment [122] are denied.

Date: November 1, 2016

John J. Tharp, Jr.
United States District Judge

4